UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICARDO QUINONES,

                           Petitioner,

            -against-

WILLIAM LEE,

                        Respondent.

20-CV-4621 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, who is currently incarcerated at the Eastern Correctional Facility, paid the $5.00 fee to bring this *pro se* petition challenging his 2010 conviction in the New York Supreme Court, Sullivan County.[1] The Court directs Petitioner to file a declaration within sixty days of the date of this order showing cause why this application should not be denied as time barred.

## DISCUSSION

### A.    Applicable Statute of Limitations

      Petitioner's application may be time-barred. A prisoner seeking *habeas corpus* relief under § 2254 must generally file a petition within one year from the latest of four benchmark dates:

(1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on

---

[1] On September 1, 2020, the action was dismissed without prejudice because Petitioner failed to comply with an order directing him to either pay the filing fee or file an application for leave to proceed *in forma pauperis* (IFP). Petitioner paid the fee on September 16, 2020, and wrote to the Court inquiring about the status of his case on September 23, 2020, and May 25, 2022. On June 10, 2022, the dismissal order and civil judgment were vacated, and the matter was reopened and reassigned to my docket.

collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2).

Petitioner alleges that on February 9, 2010, he was convicted in the New York Supreme Court, Sullivan County, and that he did not appeal the conviction. (ECF 1 ¶ 8.). Petitioner's conviction therefore became final on March 11, 2010, when the time for filing a notice of appeal from the judgment of conviction expired. 28 U.S.C. § 2244(d)(2); *see Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002); *Raynor v. Dufrain*, 28 F. Supp. 2d 896, 898 (S.D.N.Y. 1998). Petitioner placed this petition in the prison mail collection box on June 1, 2020, more than ten years after the judgment of conviction became final.[2]

Under the *habeas corpus* statute, when postconviction motions are filed before the expiration of the statute of limitations, those motions and related state-court proceedings may toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Postconviction motions filed after the limitations period expires, however, do not start the limitations period anew. "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Section 2244(d)(2) applies only if a petitioner's postconviction motion was pending within the one-year limitations period.

---

[2] Under the "prison mailbox rule," a prisoner's document is deemed filed on the date that he gives it to prison officials for mailing. *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001); *see also Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) ("[I]n the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing."). The Court therefore construes the petition as having been filed on June 1, 2020.

Here, Petitioner alleges that he filed a postconviction motion in the New York state court on July 7, 2018, and he asserts, without elaboration, that the petition is timely. (*Id.* ¶¶ 10, 18.) Petitioner's postconviction proceedings in the New York state courts do not, however, appear to toll the limitations period, because he filed his postconviction motion after the limitations period had already expired. *See* 28 U.S.C. § 2244(d)(2).

**B.      Leave to File Declaration**

The Court therefore directs Petitioner to file a declaration within sixty days of the date of this order stating why this application should not be dismissed as time barred. Petitioner should include in his declaration a listing of the following: (1) the dates on which he filed each of his postconviction collateral state court applications and motions in which he challenged this conviction, including any application for error coram nobis relief, all motions under N.Y. Crim. Proc. Law § 440, and any other postconviction collateral applications and motions; (2) the dates on which the state courts issued decisions as to any of those applications or motions; (3) the dates on which he filed any appeals or applications for leave to appeal from those decisions; (4) the dates on which the state courts issued decisions on those appeals or applications; and (5) the dates on which he received notice of any state court decisions on those applications and appeals.

Petitioner should also allege any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that one-year limitations period under § 2244(d) for *habeas corpus* petitions under 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases).

**CONCLUSION**

Petitioner is directed to file a declaration within sixty days of the date of this order showing why the petition should not be dismissed as time barred. A declaration form is attached to this order. If Petitioner timely files a declaration, the Court will review it, and if proper, will order the Respondent to answer. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, or if the declaration is insufficient to demonstrate that the petition was timely filed, the Court will deny the petition as time-barred. No answer shall be required at this time.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    June 27, 2022
           New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                   Chief United States District Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____
Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____
Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| | |
|---|---|
| _____ | _____ |
| Executed on (date) | Signature |
| _____ | _____ |
| Name | Prison Identification # (if incarcerated) |
| _____ | City _____  State _____  Zip Code |
| Address | |
| _____ | _____ |
| Telephone Number (if available) | E-mail Address (if available) |