UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
RICARDO QUINONES,                          :
                    Petitioner,     :       **ORDER ADOPTING REPORT**
v.                                         :       **AND RECOMENDATION**
                                 :
WILLIAM LEE, Superintendent,               :       20 CV 4621 (VB)
                    Respondent.     :
-------------------------------------------------------------x

Before the Court is Magistrate Judge Judith C. McCarthy's Report and Recommendation, dated May 26, 2023 (the "R&R"), on respondent's motion to dismiss as time-barred petitioner Ricardo Quinones's pro se petition (Doc. #1 (the "Petition")) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In the R&R, the magistrate judge concluded the Petition was untimely and recommended that respondent's motion to dismiss be granted. (See R&R at 8.)

Petitioner filed timely objections to the R&R. (Doc. #46 ("Objection")).

For the following reasons, the Court OVERRULES the Objection and adopts the R&R as the opinion of the Court. Accordingly, respondent's motion to dismiss is GRANTED and the Petition is DISMISSED.

The parties' familiarity with the factual and procedural background of this case is presumed.

## DISCUSSION

I.    <u>Standard of Review</u>

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after

1

being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); see also 28

U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail, see Fed. R. Civ. P.

6(d).

 Insofar as a report and recommendation addresses a dispositive motion, a district court

must conduct a de novo review of those portions of the report or specified proposed findings or

recommendations to which timely objections are made.  28 U.S.C. § 636(b)(1).  The district

court may adopt those portions of a report and recommendation to which no timely objections

have been made, provided no clear error is apparent from the face of the record.  Lewis v. Zon,

573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).  The clearly erroneous standard also applies when a

party makes only conclusory or general objections or only reiterates his original

arguments.  Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

 Objections by pro se parties are generally accorded leniency, Stokes v. Miller, 216 F.

Supp. 2d 169, 171 (S.D.N.Y. 2000), and should be construed "to raise the strongest arguments

that they suggest."  Dunn v. Sears, 561 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).[1]  "Nonetheless,

even a pro se party's objections to a Report and Recommendation must be specific and clearly

aimed at particular findings in the magistrate's proposal, such that no party be allowed a second

bite at the apple by simply relitigating a prior argument."  DiPilato v. 7-Eleven, Inc., 662 F. Supp.

2d 333, 340 (S.D.N.Y. 2009).

 Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition

for a writ of habeas corpus must be filed within one year of the latest of four triggering events:

> (A) the date on which the judgment became final by the conclusion of direct review
> or the expiration of the time for seeking such review;

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The limitations period is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In addition, in "rare and exceptional circumstance[s]" the Court may equitably toll the AEDPA limitation period if (1) "extraordinary circumstances prevented [the petitioner] from filing his petition on time," and (2) the petitioner "acted with reasonable diligence throughout the period he seeks to toll." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).

Finally, a claim of actual innocence may provide an "equitable exception" to the AEDPA limitations period if the petitioner "persuades the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). If a petitioner meets this standard, a court may review the habeas petition notwithstanding the expiration of the statute of limitations. See id. This standard is demanding and "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).

II.     Analysis

The Objection largely reiterates arguments petitioner made in response to the motion to dismiss.  (See Doc. #40).  Nevertheless, in consideration of petitioner's pro se status, the Court has carefully reviewed the R&R and the underlying record de novo as to all of petitioner's specific objections.

Based on this review, the Court concludes none of the objections has merit.

A.      Timeliness and Tolling

1.      Date of Final Judgment

Petitioner disputes the magistrate judge's determination that his conviction became final for purposes of Section 2244(d)(1)(A) on March 11, 2010, i.e., thirty days after his sentence was imposed.  Instead, he argues his conviction became final on April 23, 2020, "after the N.Y. Court of Appeals denied leave to appeal on his mixed claims of actual innocence claim and ineffective assistance of counsel."  (Objection at 5).[2]

The Court disagrees.

A conviction becomes final for purposes of Section 2241(d)(1)(A) upon "the completion of direct appellate review in the state court system and either the completion of certiorari proceedings in the United States Supreme Court, or—if the prisoner elects not to file a petition for certiorari—the time to seek direct review via certiorari has expired."  Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001).  When a petitioner does not timely appeal his conviction, it

_____

[2]     The Court construes this objection to refer to the Order of the New York Court of Appeals, dated April 23, 2020, denying petitioner's application for leave to appeal his conviction pursuant to Section 460.20 of the New York Criminal Procedure Law, because "the order sought to be appealed from is not appealable under CPL § 450.90(1)."  (Doc. #1 at ECF 74).

becomes final "when [his] time for filing a notice of appeal from his judgment of conviction expired." Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002).

Petitioner was sentenced on February 9, 2010, upon his guilty plea to robbery and criminal possession of a weapon. (See Doc. #28-7 at ECF 25).[3] He waived his right to appeal as part of his plea bargain (see id. at ECF 11–15), failed timely to appeal his conviction as of right pursuant to Section 460.10 of the New York Criminal Procedure Law, and was denied leave to appeal his conviction by permission pursuant to Section 450.15 of the New York Criminal Procedure Law. (See Doc. #1 at ECF 73). Therefore, his conviction became final on March 11, 2010, thirty days after his sentence was imposed, see N.Y. C.P.L. § 460.10(1)(a), and the AEDPA statute of limitations expired one year later on March 11, 2011. See 28 U.S.C. § 2244(d)(1).

The Objection can fairly be construed to reassert arguments made by petitioner (or construed by the magistrate judge as having been made by petitioner) in petitioner's response to the motion to dismiss that the AEDPA limitations period did not begin for purposes of Section 2254(d)(1) until a later date. Specifically, petitioner reasserts arguments that (i) filing FOIL requests and bringing the Section 440.10 motions were federal impediments to filing his petition (Section 2244(d)(1)(B)), and (ii) petitioner could not have discovered the factual predicate of his habeas claims through the exercise of diligence before receiving the information responsive to his FOIL requests (Section 2244(d)(1)(D)). However, these arguments were thoroughly considered by Judge McCarthy, and this Court agrees that they must be rejected for the same reasons stated in the R&R. (See R&R at 8 n.6, 8–14).

---

[3]     "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

Accordingly, this objection must be overruled.

Consequently, the Petition, which was filed on June 1, 2020, is untimely unless, drawing all reasonable inferences in petitioner's favor, he has demonstrated he is entitled to statutory or equitable tolling or has made a credible claim of actual innocence.

As discussed further below, the Court agrees with the magistrate judge that he has not.

        2.    <u>Statutory Tolling</u>

Petitioner objects to the magistrate judge's determination that neither petitioner's motion pursuant to Section 440.10 of the New York Criminal Procedure Law ("CPL 440.10") nor the alleged delay by the state in responding to his FOIL requests tolled the one-year AEDPA limitations period pursuant to Section 2244(d)(2).

The Court disagrees with petitioner.

Although a properly filed and pending CPL 440.10 motion will toll the AEDPA limitations period under Section 2244(d)(2), petitioner did not file his CPL 440.10 motion until July 2018 (Doc. #25-1 at ECF 55), over seven years after the AEDPA limitations period had expired.   Therefore, petitioner's CPL 440.10 motion was not "pending" during the one-year AEDPA limitations period.  <u>Adeline v. Stinson</u>, 206 F.3d 249, 252 (2d Cir. 2000) ("A properly filed state-court petition is 'pending' from the time it is first filed.").  A statute of limitations that has already expired cannot be tolled.  <u>See</u> <u>Bethea v. Girdich</u>, 293 F.3d 577 at 578 ("[S]tate-court applications for collateral relief do not restart the AEDPA limitations period." (quoting <u>Smith v. McGinnis</u>, 208 F.3d 13, 17 (2d Cir. 2000)).

Unlike CPL 440.10 motions, FOIL requests do not toll the AEDPA statute of limitations under Section 2244(d)(2).  <u>See</u> <u>Hurley v. Marshall</u>, 2011 WL 4056764, at *4 (S.D.N.Y. Sept. 8, 2011) ("FOIL requests cannot serve to toll the limitations period" because "if such a tactic were

allowed, then parties could continuously and indefinitely toll the limitations period by making periodic FOIL requests.")[4]; see also Hodge v. Greiner, 269 F.3d 104, 107 (2d Cir. 2001) (petitioner's Article 78 proceeding did not statutorily toll AEDPA limitations period because it "did not challenge his conviction," but rather "sought material he claimed might be of help in developing such a challenge"). But even if FOIL requests did toll the AEDPA statute of limitations, petitioner's first FOIL requests were submitted in 2016, long after the AEDPA statute of limitations had run. (See Doc. #25-4 at ECF 16–26; Doc. #28-6 at ECF 55–64).

Accordingly, petitioner is not entitled to statutory tolling of the time to file his habeas petition, and this objection must be overruled.

3.     Equitable Tolling

Petitioner objects to the magistrate judge's determination that he did not act with the requisite diligence in filing the Petition and failed to show that an extraordinary circumstance prevented him from seeking habeas review.

The Court disagrees with petitioner.

The earliest action petitioner took towards preparing the Petition was filing a FOIL request with the Sullivan County District Attorney on May 5, 2016 (Doc. #28-6 at ECF 61), more than six years after his conviction became final. Accordingly, this Court agrees with Judge McCarthy that plaintiff did not act diligently in seeking habeas review. See Pace v. DiGuglielmo, 544 U.S. 408, 419 (2005) (no equitable tolling because the petitioner did not act diligently when he "waited [over four] years, without any valid justification" to file a collateral

---

[4]     Petitioner will be provided with copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

attack on his conviction with the state and then waited "for five more months <u>after</u> [the state] proceedings became final before deciding to seek [habeas] relief in federal court").

Even if petitioner did demonstrate he acted diligently, the Court agrees with Judge McCarthy that he has not identified any extraordinary circumstance that prevented him from timely filing the Petition.  (<u>See</u> R&R at 17–18); <u>see also</u> <u>Rivas v. Fischer</u>, 687 F.3d 514, 539 (2d Cir. 2012) (attorney's failure to file a timely CPL 440.10 motion was not an "extraordinary" circumstance when "there is no indication that [the attorney] ignored or contravened [the petitioner's] express instructions").

Accordingly, this objection must be overruled.

### 4.   <u>Actual Innocence</u>

Finally, petitioner re-litigates the facts supporting his conviction based on documents obtained from the FOIL requests.  The Court fairly construes these arguments to object to the magistrate judge's determination that petitioner has failed to make a credible showing of actual innocence that would allow this Court to review his petition notwithstanding its untimeliness.

The Court disagrees with petitioner.

As Judge McCarthy correctly determined, petitioner's "newly discovered" evidence—comprising investigative materials relating to his arrest; transcripts from his plea allocution, trial, and sentencing; and records of post-conviction state court proceedings—is not "new reliable evidence," such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence . . . not presented at trial," that supports his claim of actual innocence.  <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995).

In fact, even if it was "new reliable evidence," the Court agrees with the magistrate judge that the new evidence petitioner presents undercuts his claim of innocence.  (See R&R at 20).[5] Accordingly, the evidence proffered by petitioner is not "compelling" evidence of his innocence because it does not indicate that "more likely than not any reasonable juror would have reasonable doubt" about plaintiff's guilt.  Hyman v. Brown, 927 F.3d 639, 657 (2d Cir. 2019).

In arguing that he has established actual innocence, petitioner further claims his counsel was ineffective and his guilty plea was coerced.  But this contention is belied by the record, for the reasons noted in the R&R.  (See R&R at 20; see also, e.g., Doc. #28-7 at ECF 11–12 (transcript of petitioner's plea allocution during which petitioner confirmed he understood he did "not have to plead guilty")).  And plaintiff's admissions of guilt during his sentencing (see Doc. #28-6 at ECF 6), and guilty plea allocution (see Doc. #28-7 at ECF 13–19), undermine his current claim of actual innocence.  See Doe v. Menefee, 391 F.3d 147, 168–69 (2d Cir. 2004) (finding the petitioner's plea admission may be considered as evidence of the petitioner's guilt when making an "actual innocence" determination).

Accordingly, this objection must be overruled.

III.   Merits of Petitioner's Ineffective Assistance of Counsel Claim

In the Objection, petitioner asserts merit-based arguments in support of his ineffective assistance of counsel claim.  However, except to the extent considered with respect to equitable

---

[5]     For example, petitioner submitted a police report indicating officers recovered a "bag containing gloves & firearm" from petitioner's daughter's vehicle.  (Doc. #25-3 at ECF 29). Petitioner also submitted a police report indicating a witness saw two males acting strangely who "left in a black vehicle" from a Mobil gas station near a McDonalds that was robbed and "had a red glove . . . [and] what appeared to be a hand gun and money."  (Doc #25-4 at ECF 42–43). The record also includes a statement from petitioner's daughter under penalty of perjury that she picked up petitioner and her boyfriend at the Mobil gas station after they robbed a McDonalds. (See Doc. #28-4 at ECF 17– Doc. #28-5 at ECF 1).

tolling above, these arguments do not pertain to the timeliness of the Petition, and are irrelevant to respondent's motion to dismiss.

Accordingly, plaintiff's objections in this regard must be overruled.

**CONCLUSION**

Having carefully reviewed Magistrate Judge McCarthy's thorough and well-reasoned R&R, petitioner's objections, and the underlying record de novo with respect to any proper objection, the Court finds no error, clear or otherwise, in the R&R.  Accordingly, petitioner's objections are OVERRULED and the R&R is adopted in its entirety as the opinion of the Court. Respondent's motion to dismiss is GRANTED and the petition for a writ of habeas corpus is DISMISSED.

The Clerk is directed to enter Judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to petitioner at the address on the docket.

Dated:  December 18, 2023
        White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge